United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Yvette M. Erviti Lopez and Alex Lopez, Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 21-20793-Civ-Scola |
| Progressive Select Insurance Company, Defendant. | ) ) | |

## Order Granting Motion to Dismiss Count Three

Plaintiffs Yvette M. Erviti Lopez and Alex Lopez seek damages from Defendant Progressive Select Insurance Company arising from personal injuries they sustained as a result of a car accident in Miami-Dade County, Florida in March 2020. (Compl., ECF No. 1-1, 4–11.) In its amended motion to dismiss, Progressive asks the Court to dismiss count three of the complaint which sets forth a claim based on statutory bad faith. (Def.'s Mot., ECF No. 7.) Progressive maintains this claim is premature since coverage has not yet been determined. The Plaintiffs have not responded to the motion and the time to do so has passed.[*] After review, the Court agrees with Progressive's position and **grants** the motion (**ECF No. 7**).

In their complaint, the Plaintiffs themselves acknowledge that their bad-faith claim "will ripen upon the resolution of the Uninsured Motorist claim that Plaintiffs are entitled to uninsured motorist benefits under the Insurance Policy and this claim will be voluntarily abated until such determination is made." (Compl. ¶ 28.) Actions against insurers for bad faith under Florida Statutes section 624.155 do not accrue until the insured's underlying claim for insurance benefits is resolved. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Under Florida law, premature bad-faith claims may be either abated or dismissed at the discretion of the trial court. *Laxman v. Safeco Ins. Co. of Ill.*, No. 2:14-cv-14413-RNR, 2015 WL 845582 at *2 (citing *Landmark Am. Ins. Co. v. Studio Imports, Ltd.*, 76 So. 3d 963, 964–65 (Fla. 4th DCA 2011)).

At the outset, the Court notes that "[b]ringing a premature bad faith claim is contrary to the Federal Rules of Civil Procedure." *Fantecchi v. Hartford Ins. Co. of the Midwest*, No. 15-23969-CIV-ALTONAGA, 2015 WL 12516629, at *2 (S.D.

---

[*] The Plaintiffs failure to respond to the motion, alone, provides an additional basis for the Court to grant Progressive's motion. S.D. Fla. L.R. 7.1(c) (requiring "each party opposing a motion [to] file and serve an opposing memorandum of law" and providing that "failure to do so may be deemed sufficient cause for granting the motion by default").

Fla. Nov. 24, 2015) (Altonaga, J.). Further, the Court lacks jurisdiction over such a claim because it is not ripe. *See Evedon v. USAA Cas. Ins. Co.*, No. 15-22139-CIV, 2016 WL 4083013, at *2 (S.D. Fla. Jan. 19, 2016) (Lenard, J.) ("And while this Court recognizes the administrative benefits of staying or abating the bad faith claim, these concerns cannot override constitutional commands limiting the jurisdiction of federal courts."); *see also Novak v. Safeco Ins. Co. of Illinois,* 94 F. Supp. 3d 1267, 1269 (M.D. Fla. 2015) (denying motion to amend complaint to add bad faith claim because the plaintiff's bad faith claim was not yet ripe and the court "would be required to dismiss the claim without prejudice for want of subject-matter jurisdiction"). Accordingly, the Court finds dismissal, as opposed to abatement, appropriate here.

Accordingly, the Court **grants** Progressive motion (**ECF No. 7**) and dismisses count three, **without prejudice**.

**Done and ordered** in Miami, Florida, on April 29, 2021.

Robert N. Scola, Jr.
United States District Judge